```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF MICHIGAN
 2                         SOUTHERN DIVISION

 3     United States of America,

 4                    Plaintiff,          Case No. 10-20082
          -v-
 5
       James Frazee,
 6
                      Defendant.
 7     _____/

 8                         PLEA HEARING

 9          BEFORE THE HONORABLE DAVID M. LAWSON
                United States District Judge
10        Theodore Levin United States Courthouse
                231 West Lafayette Boulevard
11                    Detroit, Michigan
                       April 6, 2010
12

13     APPEARANCES:

14     FOR THE PLAINTIFF:    JEANINE JONES
                             LOUIS GABEL
15

16     FOR THE DEFENDANT:    LISA DWYER

17

18

19

20

21

22

23

24
                  To Obtain a Certified Transcript Contact:
25        Rene L. Twedt, CSR, RMR, CRR - (313)963-0837
```

1                          <u>**TABLE OF CONTENTS**</u>

2       **MATTER**                                              **PAGE**

3       **Plea Hearing............................................   3**

4

5       **CERTIFICATE OF REPORTER................................. 28**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1  Detroit, Michigan

2  April 6, 2010

3  4:01 p.m.

4                          *      *      *

5          THE CLERK:  All rise.  The United States District

6  Court for the Eastern District of Michigan is now in session.

7  The Honorable David M. Lawson presiding.

8          THE COURT:  You may be seated.

9          THE CLERK:  Now calling the case of United States

10  of America versus James Frazee, Case Number 10-20082.

11          THE COURT:  Appearances for the record, please.

12          MS. JONES:  Good afternoon, your Honor.  Jeanine

13  Jones on behalf of the United States.

14          MS. DWYER:  Good afternoon, your Honor.  Lisa Dwyer

15  appearing on behalf of James Frazee.

16          THE COURT:  Good afternoon, counsel.  Mr. Frazee,

17  good afternoon.

18          THE DEFENDANT:  Good afternoon, sir.

19          THE COURT:  The matter is before the Court for a

20  final pretrial conference and a plea cutoff date.  I have a

21  fax of a Rule 11 Agreement in front of me here.  Has that

22  been signed up?

23          MS. DWYER:  Yes, your Honor.

24          THE COURT:  Can I have it?

25          MS. JONES:  We have already provided it.

1           THE COURT:  Oh, is that this?

2           MS. JONES:  Yes, your Honor.

3           THE COURT:  Mr. Frazee, you're charged in a -- in

4    two counts of a two-count indictment with sexual exploitation

5    of children and possession of child pornography.

6           I understand you want to plead guilty to Count 1 of

7    the indictment, and the agreement is that the Government will

8    dismiss Count 2, I presume.

9           MS. JONES:  Yes, your Honor.

10          THE DEFENDANT:  Yeah.

11          MS. JONES:  On page four, paragraph five, it

12   indicates that the Government will dismiss Count 2 at

13   sentencing.

14          THE COURT:  There is no paragraph five on page four.

15          MS. JONES:  Paragraph four on page five.

16          THE COURT:  The penalty enhancement provision of

17   Section 3559(e) of Title 18, Ms. Dwyer, requires a sentence

18   of life in prison, mandatory life in prison.  Is that your

19   understanding?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  What's the point of the plea agreement?

22          MS. DWYER:  Mr. Frazee has indicated to me that he

23   wants to save the complainant a trial.

24          And is that true, Mr. Frazee?

25          THE DEFENDANT:  Yes.

```
 1              THE COURT:  All right.  There is no benefit to the
 2    defendant, however, is there?
 3              MS. DWYER:  There -- that's his perceived benefit,
 4    your Honor, is that he -- he does see that as his benefit.
 5              THE COURT:  Oh, yes, right, but as far as a
 6    tangible benefit as far as --
 7              MS. DWYER:  A sentence.
 8              THE COURT:  -- penalties or things like that, there
 9    is no benefit.
10              MS. DWYER:  That's correct, your Honor, and he
11    understands that.
12              Is that correct?
13              THE DEFENDANT:  Yes, yes, I understand that.
14              THE COURT:  All right, Mr. Frazee.  I am going
15    to ask you some questions.  If you do not understand my
16    questions, don't answer them, but ask me to clarify them,
17    okay?
18              THE DEFENDANT:  Okay.
19              THE COURT:  And Ms. Dwyer is your attorney, and if
20    you have a need to speak with her during these proceedings at
21    all, just tell me and you'll be given a chance to do that,
22    okay?
23              THE DEFENDANT:  Okay.
24              THE COURT:  Would you state your full name for the
25    record?
```

1          THE DEFENDANT:  James Arnold Frazee, Junior.

2          THE COURT:  Mr. Frazee, I intend to question you

3    about the facts of the crime alleged by the Government.

4          Do you understand that you have a constitutional

5    right to remain silent and not incriminate yourself?

6          THE DEFENDANT:  Yes, sir.

7          THE COURT:  All right.  Do you wish to waive that

8    right for the purpose of entering your guilty plea today?

9          THE DEFENDANT:  Yes, sir.

10          THE COURT:  How old are you, sir?

11          THE DEFENDANT:  Fifth-three.

12          THE COURT:  And how far did you go in school?

13          THE DEFENDANT:  I went a year in college.

14          THE COURT:  All right.  So you do read, write and

15    understand the English language, correct?

16          THE DEFENDANT:  Yes, sir.

17          THE COURT:  Have you ever been treated for a mental

18    illness of any kind?

19          THE DEFENDANT:  No, sir.

20          THE COURT:  Have you ever been treated for an

21    addiction to narcotic drugs of any kind?

22          THE DEFENDANT:  No.

23          THE COURT:  Are you presently under the influence

24    of any drug, medication or alcoholic beverage of any kind?

25          THE DEFENDANT:  No.

1          THE COURT:  Very well.  I find that Mr. Frazee is

2    an adult and competent to plead.

3          Do you understand that you have the right to have

4    an attorney represent you during all stages of the

5    proceedings, and if you cannot afford a lawyer of your own

6    choice, I will appoint one for you?

7          THE DEFENDANT:  Yes.

8          THE COURT:  And Ms. Dwyer is your attorney, correct?

9          THE DEFENDANT:  Yes, sir.

10          THE COURT:  Did you and she receive a copy of the

11    indictment that was filed in this case?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  And has she reviewed that with you and

14    explained the elements of the crimes?

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  In other words, did she tell you what

17    the Government would have to prove to convict you of these

18    crimes?

19          THE DEFENDANT:  Yes.

20          THE COURT:  And have you gone over the discovery

21    materials with her so that you know what the Government could

22    prove at trial and how it would satisfy the elements of those

23    crimes?

24          THE DEFENDANT:  Yes.

25          THE COURT:  Have you discussed possible defenses

1   that you might raise if you chose to go to trial?

2            THE DEFENDANT:  Yes, sir.

3            THE COURT:  And have you talked about the relative

4   advantages and disadvantages of pleading guilty versus going

5   trial?

6            THE DEFENDANT:  Yes, sir, we did.

7            THE COURT:  Have you decided it is in your best

8   interest to plead guilty in this case and give up your right

9   to trial?

10            THE DEFENDANT:  Yes, sir.

11            THE COURT:  All right.  Are you satisfied with the

12   advice and the services that Ms. Dwyer has furnished on your

13   behalf through today?

14            THE DEFENDANT:  Yes, sir.  Very satisfied.

15            THE COURT:  Very well.  This Rule 11 Agreement has

16   been presented to me that contains your signature, I believe,

17   on page eight.  I don't know if you can see that, Mr. Frazee.

18   Is that your signature there, sir?

19            THE DEFENDANT:  Yes, sir, it is.

20            THE COURT:  Very well.  Now, the -- is your

21   willingness to plead guilty based upon the discussions

22   between the attorneys that led to this agreement?

23            THE DEFENDANT:  Yes, sir.

24            THE COURT:  All right.  I'm going to ask Ms. Jones

25   on behalf of the Government to recite the terms of the

1    agreement on the record, and I would like you to listen

2    carefully, because I'm going to ask, when she is finished,

3    I'll ask you some questions about it, but one of the

4    questions I will ask is whether you're relying on any other

5    promise in exchange for pleading guilty.

6            Ms. Jones, if you would, please.

7            MS. JONES:  Thank you, your Honor.

8            Pursuant to the Rule 11 Plea Agreement, Mr. Frazee

9    will enter a valid plea of guilty to Count 1 of the

10   indictment, which charges sexual exploitation of children.

11           The agreed upon guideline range is life, and

12   pursuant to Title 18 United States Code Section 3559(e),

13   Mr. Frazee is facing a mandatory life sentence in prison by

14   virtue of the instant federal conviction and his previous

15   1990 conviction for first degree criminal sexual conduct with

16   a person under thirteen.

17           To the extent a period --

18           THE COURT:  Was that in Alpena?

19           MS. JONES:  Yes.

20           To the extent any period of supervised release is

21   imposed by this Court, that term can extend up to life, and

22   there is a minimum of five years.

23           There is a special assessment of $100.

24           There is no agreement with respect to fines.

25           And Mr. Frazee shall pay restitution to any

 1   identifiable victim as identified by this Court.

 2          There is a notice of requirement for Mr. Frazee to

 3   comply with the terms of the Sex Offender Registration and

 4   Notification Act.

 5          And then at paragraph seven on page six it speaks

 6   to Mr. Frazee's right to appeal.  And, in fact, he is waiving

 7   any right to appeal if he is sentenced within the recommended

 8   range as mentioned.

 9          THE COURT:  Well, that's not exactly complete, is

10   it?  He is retaining --

11          MS. JONES:  I can read it in its entirety.

12          THE COURT:  I'm sorry?

13          MS. JONES:  I will read it in its entirety.

14          THE COURT:  That's all right.  Just summarize it.

15   He is waiving his right to appeal his conviction, but --

16          MS. JONES:  He retains his right to directly appeal

17   any adverse determination of a disputed sentencing issue.

18          THE COURT:  Sentencing issues, okay.

19          MS. JONES:  Yes.

20          Those are the most salient terms of the Rule 11

21   Agreement.

22          THE COURT:  Very well.

23          MS. DWYER:  As well as the fact that Count 2 will

24   be dismissed at sentencing.

25          MS. JONES:  Correct.  Correct.

1           THE COURT:  All right.

2           MS. JONES:  And again, that is at paragraph four on

3   page five, that if the Court accepts the Rule 11 Agreement,

4   the Government will dismiss, at sentencing, Count 2 of the

5   indictment.

6           THE COURT:  Very well.  Anything else, Ms. Dwyer,

7   that you would like to add?

8           MS. DWYER:  Nothing further, your Honor.

9           THE COURT:  All right.

10          Mr. Frazee, did you understand all of that?

11          THE DEFENDANT:  Yes, sir.

12          THE COURT:  All right.  The crime itself, with the

13  sentencing enhancement, leaves me no discretion in imposing a

14  sentence in this case.

15          THE DEFENDANT:  Yes, sir.

16          THE COURT:  And so the sentence will be life in

17  prison.  Do you understand that?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  There are some provisions regarding

20  supervised release and registration and so forth, but you

21  understand there is no parole in the federal system.

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  So life means life, you understand?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  If I accept your plea, you would not

1    have a right to withdraw your guilty plea for any reason.  Do

2    you understand that?

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  And if I accept your plea you will be

5    convicted without a trial of any kind.  Do you understand

6    that?

7              THE DEFENDANT:  Yes, sir.

8              THE COURT:  Now, do you agree with the terms of the

9    plea agreement as stated on the record?

10             THE DEFENDANT:  Yes, sir, I do.

11             THE COURT:  Have you had a chance to discuss the

12   plea agreement with Ms. Dwyer to your satisfaction?

13             THE DEFENDANT:  Yes, sir, I did.

14             THE COURT:  Do you have any questions about that?

15             THE DEFENDANT:  No, sir.

16             THE COURT:  Has anyone made any other or different

17   promise or assurance to you of any kind in an effort to

18   persuade you to plead guilty?

19             THE DEFENDANT:  No, sir.

20             THE COURT:  Have you been promised by me, that is,

21   by the Court, or by your attorney, or by the attorney for the

22   Government, that you would be put on probation or receive any

23   other specific sentence other than life in prison --

24             THE DEFENDANT:  No, sir.

25             THE COURT:  -- in exchange for pleading guilty?

1          THE DEFENDANT:  No, sir.

2          THE COURT:  All right.  Has anyone told you that I

3    would treat you more leniently if you gave up your right to

4    trial and pleaded guilty instead?

5          THE DEFENDANT:  No, sir.

6          THE COURT:  Has anyone tried to force you to plead

7    guilty by any threats or mistreatment or pressure brought to

8    bear against you in any way?

9          THE DEFENDANT:  No, sir.

10         THE COURT:  Are you pleading guilty freely and

11   voluntarily because, in fact, you are guilty and it is your

12   own choice to plead guilty?

13         THE DEFENDANT:  Yes, sir, I am.

14         THE COURT:  All right.  Do you understand that you

15   have a right to plead not guilty to both the charges in the

16   indictment?

17         THE DEFENDANT:  Yes.

18         THE COURT:  If you were to plead not guilty you

19   would have the protection of several constitutional rights

20   which I will explain in a moment, but do you understand you

21   will be waiving those rights by pleading guilty?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  The rights that you would have if you

24   went to trial would be as follows:

25         The right to plead not guilty.

Plea Hearing - April 6, 2010

1          The right to a speedy and a public trial by a jury.

2          The right to be presumed innocent at a trial unless

3    and until the Government proves that you're guilty beyond a

4    reasonable doubt.

5          And the Government must convince all twelve jurors

6    of your guilt beyond a reasonable doubt before the jury can

7    return a verdict of guilty.  In other words, their decision

8    must be unanimous.

9          THE DEFENDANT:  Yes, sir.

10          THE COURT:  You have the right to see and hear all

11   of the witnesses that will testify against you and the right

12   to cross examine those witnesses through your lawyer.

13          You have the right to have the Court order any

14   witnesses you might have for your defense appear at trial at

15   Government expense.

16          You have the right take the witness stand and

17   testify at a trial if you want to, and tell your side of the

18   story, but you are not required to testify, and in fact, no

19   one can make you testify at a trial if you don't want to,

20   because you have the right to remain silent.

21          And if you chose not to testify, your silence

22   cannot be used against you in any way.

23          Now, Mr. Frazee, do you understand all of those

24   rights?

25          THE DEFENDANT:  Yes, sir.

1           THE COURT:  Are you willing to waive them?

2           THE DEFENDANT:  Yes, sir.

3           THE COURT:  Do you understand if you plead guilty

4    and I accept your plea you will be found guilty without a

5    trial of any kind and you will have given up all the rights

6    I just explained to you?

7           THE DEFENDANT:  Yes, sir.

8           THE COURT:  You understand that the offense to

9    which you're pleading guilty is a felony, and that conviction

10   will deprive you of civil rights, such as the right to vote,

11   the right to serve on a jury, the right to hold public office

12   and the right to possess a firearm?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  The mandatory sentence in this case is

15   life in prison.  We have said this several times on the

16   record.  You are clear on that, is that correct?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  There is a fine of up to $250,000 that

19   could be imposed.  You understand that, correct?

20          THE DEFENDANT:  Yes.

21          THE COURT:  Ms. Jones mentioned some provision

22   about restitution.  I have not made a determination as to

23   what that is.

24          There is a discernible victim in this case, is

25   there not?

```
 1              MS. JONES:  Yes, your Honor.

 2              THE COURT:  And will you be presenting information

 3     to the Probation Department regarding restitution?

 4              MS. JONES:  Yes, your Honor.

 5              THE COURT:  All right.  And I'll make that

 6     determination at the time of sentencing.  Do you understand

 7     that?

 8              THE DEFENDANT:  Yes, sir.

 9              THE COURT:  Supervised release is a period of

10     supervision after custody.  If, for some reason, you are

11     released from this prison sentence, a supervised release

12     term of at least five years and up to the rest of your life

13     will be imposed.  Do you understand that?

14              THE DEFENDANT:  Oh, yes, sir.  I'm sorry.

15              THE COURT:  You will be required to pay a special

16     assessment of $100 at or before the time of sentencing.  Do

17     you understand that?

18              THE DEFENDANT:  Yes, sir.

19              THE COURT:  With respect to supervised release, if

20     you are at liberty on supervised release and violate any of

21     the conditions, I could sentence you to additional time in

22     prison.  Do you understand that?

23              THE DEFENDANT:  Yes, sir.

24              THE COURT:  Are you on probation or parole in any

25     other court presently?
```

1           THE DEFENDANT:  No, sir.

2           THE COURT:  Are you a citizen of the United States?

3           THE DEFENDANT:  Yes.

4           THE COURT:  You understand all of the possible

5    consequences of your guilty plea as I have just explained

6    them to you?

7           THE DEFENDANT:  Yes, sir.

8           THE COURT:  Normally, you would have a right to

9    appeal your conviction and sentence.  The plea agreement

10   says that you are waiving your right to appeal if you are

11   sentenced to what we predict would be the sentence in this

12   case.

13          Did I say sentence or conviction?  Anyway, you're

14   waiving your right to appeal your conviction.

15          If there are sentencing issues that are decided

16   adversely to you, then you would retain your right to appeal

17   those.  Do you understand that?

18          THE DEFENDANT:  Yes, sir.

19          THE COURT:  Under some circumstances the government

20   also has a right to appeal a sentence I impose.  Do you

21   understand that?

22          THE DEFENDANT:  Yes, sir.

23          THE COURT:  I'm going to explain the elements of

24   the offense to you now.  The essential elements are what the

25   government is required to prove at trial beyond a reasonable

Plea Hearing - April 6, 2010                    18

1    doubt.  I do this to make certain that you understand what

2    the government is required to prove, and also, I'm going to

3    ask at the end if you believe the government could prove

4    these elements beyond a reasonable doubt if you chose to

5    go to trial.

6              So you are charged with sexual exploitation of

7    children or a child.  In order to prove that offense the

8    government must show that you used or persuaded or enticed an

9    individual to take part in sexually explicit conduct for the

10   purpose of producing some visual depiction, a movie or a

11   video or a photograph.

12             THE DEFENDANT:  Yeah.

13             THE COURT:  At the time, the government also must

14   show that the victim was a minor; that is, a person under the

15   age of 18.

16             And then, finally, the government must show that

17   the visual depiction, the images, were produced using

18   materials that had been transported essentially in interstate

19   commerce.  In other words, the equipment was not manufactured

20   within the same state as the depictions were made, but were

21   transported into the state or somehow traveled in commerce.

22             THE DEFENDANT:  Okay.

23             THE COURT:  Do you understand the elements of the

24   crimes?

25             THE DEFENDANT:  Yes.

1          THE COURT:  Of the crime, I should say.

2          THE DEFENDANT:  Yes.

3          THE COURT:  Do you believe if the government

4    proceeded to trial, if you and the government proceeded to

5    trial, the government could prove those elements beyond a

6    reasonable doubt?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  How then are you pleading to the charge

9    of sexual exploitation of a minor child?

10         THE DEFENDANT:  Guilty, your Honor.

11         THE COURT:  Are you pleading guilty to that charge

12   because you believe you are guilty of that offense?

13         THE DEFENDANT:  Yes, sir.

14         THE COURT:  Then would you tell me in your own

15   words what you did that makes you believe you are guilty?

16         THE DEFENDANT:  Oh, about seven years ago I was

17   contacted through -- over the internet through a website from

18   a guy named Jim in New York.  He offered me, like, $350 to

19   take pictures of Chelsea in a sexually explicit manner.

20         THE COURT:  Who is Chelsea?

21         THE DEFENDANT:  She is the victim in this case.

22         THE COURT:  Is she related to you?

23         THE DEFENDANT:  She -- yes.  She is like a

24   stepdaughter.

25         THE COURT:  Stepdaughter.  Is that how you had

```
 1   access to her?

 2          THE DEFENDANT:  Right.  Yes, your Honor.

 3          THE COURT:  You lived in the same household?

 4          THE DEFENDANT:  Yes, your Honor.

 5          THE COURT:  All right.  And she was how old at the

 6   time?

 7          THE DEFENDANT:  She was eight years old then.

 8          THE COURT:  All right.  And then what did you do?

 9          THE DEFENDANT:  So after he done contacted me a few

10   times, finally, I don't know, I just said, all right, you

11   know.  So I talked to her and took -- took pictures of her.

12   I asked her to pose with a dildo in the pictures and some

13   pictures were nude.  I instructed her how to pose sexually

14   and how to use the dildo.

15          THE COURT:  And did you instruct her to display her

16   genitals?

17          THE DEFENDANT:  Yes, sir, I did, I instructed her.

18          THE COURT:  And you did that in a sexually

19   explicit -- or she did that in a sexually explicit manner?

20          THE DEFENDANT:  Yes, she did, your Honor.

21          THE COURT:  Did you take videos or still

22   photographs?

23          THE DEFENDANT:  Still photographs, your Honor,

24   digital.

25          THE COURT:  And what did you use to take the
```

Plea Hearing - April 6, 2010                          21

1   photographs?

2            THE DEFENDANT:  A digital camera.

3            THE COURT:  And who was that manufactured by, if

4   you know?

5            THE DEFENDANT:  I can't even remember.

6            THE COURT:  Was it a Japanese manufacturer?

7            THE DEFENDANT:  No.  It started with a -- oh, I

8   don't know. It started with a V, like Victron or something

9   like that.

10           THE COURT:  All right.

11           MS. JONES:  Your Honor, in order to, I think,

12   establish the interstate nexus element, I believe Mr. Frazee

13   is going to indicate that he did transport those images over

14   the internet to this person in New York.

15           THE DEFENDANT:  Yes.

16           THE COURT:  All right.  Is that, in fact, true?

17           THE DEFENDANT:  That is true, sir.  I sent them to

18   him via his e-mail with -- in a zip file to New York.

19           THE COURT:  The indictment suggests that this

20   conduct occurred rather continuously from 2003 through 2007.

21   Did it happen more than once when Chelsea was eight and

22   older?

23           THE DEFENDANT:  Well, we actually had a website.  I

24   think what they are talking about is, we had a website for

25   her, too.  She was like a pre-teen, a teen model, and some of

Plea Hearing - April 6, 2010

1   her outfits and stuff, yes, were sexually explicit like for

2   an adult type of outfit and stuff.

3            THE COURT:  And you put that out over the internet,

4   as well?

5            THE DEFENDANT:  On her website, yes.

6            THE COURT:  Are you the one that controlled the

7   website?

8            THE DEFENDANT:  Yes, I was, your Honor.

9            THE COURT:  And where were you located at the time

10  of these events?

11           THE DEFENDANT:  At home with her.

12           THE COURT:  In which city?

13           THE DEFENDANT:  Oh,  Monroe.

14           THE COURT:  All right.  And that's in the Eastern

15  District of Michigan, is that correct?

16           THE DEFENDANT:  Yes.

17           THE COURT:  Very well.  And, of course, you knew

18  that Chelsea was a minor at the time, was under 18?

19           THE DEFENDANT:  Yes, I did.

20           THE COURT:  In fact, she was under 12 at the time,

21  right?

22           THE DEFENDANT:  Yes, she was.

23           THE COURT:  All right.  Now, have you -- have you

24  been previously convicted of an offense involving sexual

25  misconduct pertaining to a minor in the past?

 1              THE DEFENDANT:  Yes, I was, your Honor.

 2              THE COURT:  And were you convicted on May 7, 1990,

 3     of first degree criminal sexual conduct involving a person

 4     under age 13?

 5              THE DEFENDANT:  Yes, I was, your Honor.

 6              THE COURT:  And were you sentenced for that?

 7              THE DEFENDANT:  Yes, I was.

 8              THE COURT:  What was your sentence?

 9              THE DEFENDANT:  Six to twenty.

10              THE COURT:  All right.  And the potential for that

11     sentence was up to life in prison, was it not?

12              THE DEFENDANT:  Yes, it was, I believe.

13              THE COURT:  And was the conviction final when you

14     engaged in the conduct with Chelsea?

15              MS. DWYER:  Meaning you had served it.

16              THE DEFENDANT:  Oh, yes, sir, I was --

17              THE COURT:  Meaning you did your time, you got out,

18     and this --

19              THE DEFENDANT:  Did parole.  I was all done with

20     it.  That was years ago.  Yeah.  Yes, sir.

21              THE COURT:  All right.  Were you -- all right.

22              Ms. Jones, would you like me to ask any further

23     questions about the factual basis?

24              MS. JONES:  Just that, if we could confirm that

25     that conviction was in the 26th Judicial Circuit out of

Plea Hearing - April 6, 2010

```
 1  Alpena County.
 2          THE COURT:  Oh, that was a Michigan conviction,
 3  correct?
 4          THE DEFENDANT:  Yes, it was.
 5          THE COURT:  And you did your time in the Michigan
 6  Department of Corrections?
 7          THE DEFENDANT:  Yes.
 8          MS. JONES:  The government is satisfied.  Thank you.
 9          MS. DWYER:  Satisfied.
10          THE COURT:  Thank you.
11          After being advised about the penalties that can be
12  imposed, is it still your intention to plead guilty?
13          THE DEFENDANT:  Yes, sir.
14          THE COURT:  And do you still want me to accept your
15  plea?
16          THE DEFENDANT:  Yes, sir.
17          THE COURT:  Have you ever been convicted of a
18  federal crime before?
19          THE DEFENDANT:  No, sir.
20          THE COURT:  Very well.
21          Ms. Jones, has the Court complied with all of the
22  applicable provisions of Rule 11 under the Federal Rules of
23  Criminal Procedure?
24          MS. JONES:  You have, your Honor.
25          THE COURT:  And Ms. Dwyer, do you believe the Court
```

1    has satisfied Rule 11?

2            MS. DWYER:  Satisfied, your Honor.

3            THE COURT:  Very well, then.  It is the finding of

4    the Court in the case of the United States of America versus

5    James Frazee that the defendant is fully competent and

6    capable of entering an informed plea.

7            The defendant's plea of guilty is a knowing and

8    voluntary plea.

9            The defendant's plea is supported by the

10   defendant's own statement of facts which contains all of

11   the essential elements of the offense.

12           I'll accept the plea.  I'll adjudge the defendant

13   guilty of the offense charged.

14           I'll take the Rule 11 Agreement under advisement

15   and refer the matter to the Probation Department for a

16   presentence report.

17           I don't suppose there is a great need for a

18   presentence report in this case, except for subsequent use

19   by the Bureau of Prisons, so I think that's really the reason

20   to do that.  The sentence is a foregone conclusion --

21           MS. DWYER:  Right.

22           THE COURT:  -- in the case.

23           Mr. Frazee, as part of the process you will be

24   asked some questions at an interview by the probation officer

25   and Ms. Dwyer will be present with you during that interview.

1              If -- after the report is disclosed, you will have

2      a limited time to file objections if there is something in

3      the report that should not be there, in your view, or

4      something that's left out that you think should be included,

5      but that time for objecting is limited, as I say.

6              Usually those objections are worked out with the

7      probation officer, but if they are not, I'll rule on them at

8      the time of sentencing.

9              And then at the time of sentencing you will have an

10     opportunity to personally address me in court, along with

11     your lawyer, just like this, before I impose sentence.

12             I will continue the detention order and schedule

13     sentencing -- well, actually, the sentencing date we have now

14     is August 5th at 2:30, but if the Probation Department is

15     able to complete that report sooner than that, I think we

16     would be able to move that date up.

17             MS. DWYER:  I think so.  Should I ask them to

18     expedite it?

19             THE COURT:  I don't see a reason to expedite it,

20     really.

21             MS. DWYER:  Okay.

22             THE COURT:  I don't see a necessity of doing it.

23     There is nothing special about that.

24             MS. DWYER:  Right.

25             THE COURT:  Given the fact that the sentence is

1    what it is.

2             Do you intend to obtain a psychological report or

3    anything like that as part of the process?

4             MS. DWYER:  No.

5             THE COURT:  All right.

6             MS. DWYER:  No, I -- no.

7             THE COURT:  Okay.

8             MS. DWYER:  I could -- I have, on August 5th, a

9    sentencing scheduled before Judge Page Hood at 2:00 that

10   will probably be rather lengthy.  If I could just have a

11   sentencing later that afternoon, if we do keep the August 5th

12   date.

13            THE COURT:  Sure.  That's fine.  Can we put it

14   later on?

15            THE CLERK:  3:30.

16            THE COURT:  3:30 or 4:00?

17            MS. DWYER:  Maybe 4:00, to play it safe.

18            THE COURT:  Yeah, 4:00 would be fine.

19   Ms. Jones, is that date okay with the government?

20            MS. JONES:  Yes, your Honor.

21            MS. DWYER:  Thank you, your Honor.

22            THE COURT:  Let's make it at 4:00, then.

23            MS. DWYER:  Thank you.

24            THE COURT:  And if there is a way to do that

25   sooner, then I'll be in touch with the parties and we can

1   schedule that.

2           MS. DWYER:  Thank you.

3           THE COURT:  Anything further from the government,

4   then?

5           MS. JONES:  Not on behalf of the government.

6           THE COURT:  All right.  Thank you.

7           MS. DWYER:  Thank you.

8           (Proceedings adjourned at 4:25 p.m.)

9                     *       *       *

10

11              **CERTIFICATE OF COURT REPORTER**

12       As an official court reporter for the United States

13   District Court, appointed pursuant to provisions of Title 28,

14   United States Code, Section 753, I do hereby certify the

15   foregoing is a correct transcript of the proceedings in the

16   above-entitled cause on the date hereinbefore set forth.

17

18                     s/ Rene L. Twedt
                  _____
                  RENE L. TWEDT, CSR, RMR, CRR
19                Federal Official Court Reporter

20

21

22

23

24

25